Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Rm. 518 Denver, Colorado 80203
Dear Mr. Smith:
I am writing in response to your request of July 3, 1985 for an attorney general opinion.
QUESTION PRESENTED AND CONCLUSION
Is the Colorado Tourism Board (board) subject to the rules of the personnel system of the State of Colorado?
 The answer is yes. The board must follow the rules of the state personnel board.
ANALYSIS
The question in this case turns upon whether the board is a state agency or a political subdivision. I conclude that the board is a state agency which is subject to the rules of the state personnel board.
Generally, statutes creating political subdivisions with statewide authority expressly specify that they are a separate political bodies and not agencies of the state. Applicationof Oklahoma Turnpike Authority, 416 P.2d 860, 868 (Okla. 1966); Siddeeq v. Tallahasee Memorial Hospital,364 So.2d 99 (Fla. 1978). For example, section 35-65-401(1), C.R.S. (1984), which establishes the state fair authority, states:
 There is hereby created the Colorado state fair authority which shall be a body corporate and a political subdivision of the state. The authority shall not be an agency of state government, nor shall it be subject to administrative direction by any state agency except as provided in this article and except for purposes of the "Colorado Governmental Immunity Act", article 10 of title 24, C.R.S.
Similarly, section 29-4-704(1), C.R.S. (1977), which creates the Colorado housing finance authority, states,
 There is hereby created the Colorado housing finance authority, which shall be a body corporate and a political subdivision of the state and shall not be an agency of state government and shall not be subject to administrative direction by any department, commission, board, bureau or agency of the state.
When the legislature creates an entity with statewide jurisdiction which it does not intend to be a state agency, the legislature unequivocally provides that it is a "body corporate and a political subdivision," and that it is not an agency of the state subject to administrative direction by any state agency. Sections 12-32-1301 through 1308, C.R.S. (1984 Supp.) do not contain similar declarations.
I have also reviewed the recorded legislative history concerning establishment of the board. At the legislative debates and hearings, the board was analogized to the beef board. The beef board is an agency of the state. Section 35-57-102(3), C.R.S. (1984); section 24-1-123(4)(g)(II), C.R.S. (1982).
A state agency is:
 Any board, bureau, commission, department, institution, division, section or officer of the state, except those in the legislative branch or judicial branch and except state educational institutions administered pursuant to title 23 (except articles 8 and 9, parts 2 and 3 of article 21, and parts 2 to 4 of article 30), C.R.S. and part 3 of article 33.5 of the title.
Section 24-4-102(3), C.R.S. (1984 Supp.). A state agency can be a department enumerated in article 1 of title 24 or a board which is not affiliated with any of the departments.
Based upon a comparison of similar statutes and the legislative history, I conclude that the tourism board is an agency of the State of Colorado.
Colo. Const. art. XII, § 13(2) requires that all appointive officers and employees, with certain enumerated exceptions, must come within the ambit of the personnel system. The board is not one of the agencies which is exempt from the personnel system. Any employees hired by the board must be hired in accordance with the rules established by the personnel board. Colorado StateCivil Service Employees Association v. Love, 448 P.2d 624
(Colo. 1968). Although the board has authority to obtain personnel services, section 24-32-1307(1)(g), the services must be obtained in accordance with rules of the personnel board.
SUMMARY
As an agency of the state, the tourism board must appoint its personnel in accordance with the rules and regulations of the personnel board. The tourism board may not employ staff personnel who are not state employees or subject to the state personnel system.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC OFFICERS EMPLOYEES STATE AGENCIES
LOCAL AFFAIRS DEPT.
The tourism board must appoint its personnel in accordance with the rules and regulations of the personnel board.